IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| AK VALLEY FEDERAL FEDERAL CREDIT UNION, | ) | | |
| | ) | | |
| Appellant, | ) | | |
| | ) | | |
| -vs- | ) | | |
| | | Civil Action No. 06-1485 | |
| MARK ANDREW LITI and JENNIFER LITI, f/k/a | ) | 06-1486 | |
| JENNIFER ANN CORMAN, | ) | | |
| | ) BKCY. No. | 03-30578 MBM | |
| | ) | | |
| Appellees. | ) | | |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending are two  Appeals filed by Appellant, AK Valley Federal Credit Union ("AK Valley"), from the United States Bankruptcy Court for the Western District of Pennsylvania filed at Case Numbers 06-1485 and 06-1486.  The cases will be dealt with jointly.  AK Valley seeks an order reversing the Orders of the bankruptcy court dated September 19, 2006, that granted Appellees', Mark Andrew Liti's and Jennifer Ann Liti's, f/k/a/ Jennifer Ann Cornman's, Motion to Re-Open and Motion to Avoid Lien. (Case No. 6-1485, Doc. No. 9; Case No. 6-1486, Doc. No. 8).   After a careful review of the appellate briefs filed by the parties and the record on appeal, I affirm the September 19, 2006, Orders of the bankruptcy court.

1

**OPINION**

## I. **Background**[1]

On May 22, 2003, Appellant, AK Valley Federal Credit Union ("AK Valley"), obtained a judicial lien against personal property owned by Appellees/Debtors, Mark Andrew Liti and Jennifer Ann Liti, f/k/a Jennifer Ann Cornman ("Debtors").  A judicial sale of the personal property was scheduled by the Office of the Sheriff of Armstrong County.  Prior to the sale, Debtors, on August 25, 2003, filed a Chapter 7 Bankruptcy at Case No. 03-30578.  On the Schedule C of their bankruptcy petition, Debtors exempted an interest, *inter alia,* in their home located at 115 Old Pike Road, Freeport, PA 16229.  AK Valley was listed as a unsecured creditor having obtained a judgment against Debtors' personal property on May 22, 2003.  AK Valley did not file a proof of claim in bankruptcy to dispute their classification.  Debtors did not seek to avoid the lien prior to discharge.  The case was discharged on January 12, 2004.

In 2006, Debtors sought to refinance their home, but the lien impaired the exemption on the property.  On August 16, 2006, Debtors filed a Motion to Reopen the Chapter 7 Bankruptcy case and a Motion for Avoidance of Lien.  On September 19, 2006, Bankruptcy Judge McCullough held oral argument regarding the Motions. (Case No. 6-1485, Doc. No. 11; Case No. 6-1486, Doc. No. 12). Thereafter, on September 19, 2006, Bankruptcy Judge McCullough entered the following orders:

ORDER OF COURT

AND NOW, at Pittsburgh, Pennsylvania, this 19 day of

---

[1]Unless otherwise noted, the parties agree to the following essential facts of the case.

Sept., 2006, upon consideration of the Motion to Re-Open, for the purpose of avoidance of lien, it is hereby ORDERED ADJUDGED AND DECREED the interests of the creditor AK VALLEY FEDERAL CREDIT UNION, were discharged, and their lien on debtor's real property at 115 Old Pike Road, Freeport, PA shall be avoided.

ORDER OF COURT

AND NOW, to wit, at Pittsburgh, Pennsylvania, this 19 day of Sept., 2006, upon consideration of Debtors' Motion for Avoidance of Lien, it is hereby ORDERED ADJUDGED AND DECREED that the interest of the creditor AK VALLEY FEDERAL CREDIT UNION, was discharged, and their lien impaired Movants' aforesaid exemption within the meaning of 11 U.S.C. Section 522 and 522(d)(1) in that impaired Debtors' ability to transfer or refinance their home and that Respondents' (sic) aforesaid liens on Movants' real and personal property located at 115 Old Pike Road, Freeport, Pennsylvania 16229 is hereby cancelled and avoided.

Case No. 6-1485, Doc. No. 9; Case No. 6-1486, Doc. No. 8.

On October 16, 2006, AK Valley filed a Notice of Appeal of both orders. The appeals have been docketed at two separate case numbers. (Case Number 06-1485 and Case No. 06-1486). Case number 06-1485 pertains to the appeal of the order granting the reopening of the case. (Case No. 06-1485, Doc. No. 1). Case Number 06-1486 pertains to the appeal of the order granting avoidance of the lien. (Case No. 06-1486, Doc. No. 1). The parties have filed identical appellate briefs in the two cases. (Case No. 06-1486, doc. nos. 7 and 8; Case No. 06-1486, doc. nos. 7 and 10). Therefore, when I cite to a Brief in this Opinion, I will only cite to the Brief at case number 06-1485.

## II. Jurisdiction and Standard of Review

_____This Court has jurisdiction over the pending appeal pursuant to 28 U.S.C. § 158(a).  On an appeal, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings.  Bankr. Rule 8013.  A district court reviews a bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse.  *In re Martin's Aquarium, Inc.,* 98 Fed.Appx. 911 (3d Cir. 2004); *In re Woskob,* 305 F.3d 177, 181 (3d Cir.2002), *cert. denied,* 538 U.S. 961 (2003).  The decision of a bankruptcy court to reopen a previously closed bankruptcy proceeding is left to a bankruptcy court's discretion and, thus, is reviewed for abuse of discretion. *In re Zinchiak*, 406 F.3d 214, 221-22 (3d Cir. 2005).  Additionally, because the avoidance of a lien is a legal determination, the bankruptcy court's decision to avoid the lien is reviewed *de novo.  In re Hamlett,* 322 F.3d 342 (4th Cir. 2003).

### III. Legal Analysis

#### A.  Motion to Reopen

The first order at issue deals with the reopening of the Debtors' case.  (Case No. 06-1485, Doc. No.  9).  Title 11 U.S.C. §350(b) provides that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  The decision to reopen a bankruptcy case is within the broad discretion of the bankruptcy court.  *In re Zinchiak*, 406 F.3d at 222.

After a review of the record,[2] I find there was no abuse of discretion on the part of the bankruptcy judge in reopening the case.   Debtors' reason for moving for reopening of the case was that they were seeking to refinance their home and were unable to do so without avoidance of the lien by AK Valley.  (Case No. 6-1485, Doc. No. 1, ex. 1, ¶5).  AK Valley's only objection to the Motion to Reopen before the bankruptcy court was timeliness.  (Case No. 6-1485, Doc. No. 1, ex. 11 and Doc. No. 10).  Delay alone is not sufficient to deny a motion to reopen.  *See, In re Capuano*, 91 B.R. 715, 716 (E.D. Pa. 1988); *In Re Quackenbos,* 71 B.R. 693, 695 (E.D. Pa. 1987);  *In Re Skakalski*, 67 B.R. 448 (W.D. Pa. 1986).  As AK Valley acknowledges, there must also be prejudice. (Doc. No. 7, p. 7).  AK Valley did not allege any prejudice in its Response to the Motion to Reopen.  *See,* Case No. 06-1485, Doc. No. 10.   Furthermore, AK Valley did not mention any prejudice at the time of oral argument.  *See, id.* at Doc. No. 1, ex. 11, p. 3.  Thus, applying the appropriate standard of review to the evidence of record, I find that the bankruptcy court did not abuse his discretion in granting Debtors' Motion to Reopen the Case based on the record before him.

In further opposition, AK Valley argues that they were not given the appropriate time at oral argument to explore the issue of prejudice.  (Doc. No. 7, p. 8).  I find this argument to have no merit.  As mentioned previously, AK Valley did not list any prejudice in its Response to the Motion to Reopen.  (Case No. 6-1485; Doc. No. 10).  Furthermore, the record does not reflect that AK Valley sought additional

---

[2]On appeal, I consider the record that was before the bankruptcy court.  Fed. R. Bankr. P. 8006.  Moreover, I will disregard any argument that appears for the first time on appeal.  *In re: General DataComm Indus., Inc.,* 407 F.3d 616, 624 n. 13 (3d Cir. 2005).

time to explore the issue of prejudice and to place it in writing.  Finally, the record does not reflect that AK Valley was limited in time to explore the issue of prejudice during oral argument or that it informed the bankruptcy court that it required more time to explore the issue of prejudice. Consequently, I reject this argument.

## B. **Motion to Avoid the Lien**

AK Valley next argues that the bankruptcy court erred in entering an ordering avoiding the judicial lien pursuant to 11 U.S.C. §522.   (Doc. No. 7, pp. 13-15).  Title 11 U.S.C. §522(f) regarding exemptions provides that a bankruptcy court may avoid a judicial lien.  AK Valley's only argument to the bankruptcy court on this issue was timeliness.[3]  (Case No. 6-1486, Doc. No. 1, ex. 12 and Doc. No. 9).  The statute does not provide any time limit for which a debtor must move to avoid a lien.  11 U.S.C. §522. Consequently, after a review of the record, *de novo,* I affirm the ruling of the bankruptcy court granting the Motion to Avoid the Lien.

In further opposition, AK Valley argues that it did not have the opportunity to explore the issue of prejudice before the bankruptcy court because the case was not scheduled for a full hearing.  (Doc. No. 7, pp. 13-14).  I find this argument to have no merit.  As mentioned previously, AK Valley did not list any prejudice in its Response to the Motion to Avoid the Lien.   (Case No. 6-1486; Doc. No. 9). Furthermore, the record does not reflect that AK Valley sought additional time to explore the issue of prejudice and to place it in writing.  Finally, the record does not reflect that AK Valley was limited in time to explore the issue of prejudice during

---

[3]Again, AK Valley attempts to argue prejudice for the first time on appeal.  I deem said argument to be waived. *In re: General DataComm Indus., Inc.,* 407 F.3d 616, 624 n. 13 (3d Cir. 2005).

6

oral argument or that it informed the bankruptcy court that it required more time to explore the issue of prejudice. Consequently, I reject this argument.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF COURT

AND NOW, this **23rd** , day of February, 2007, it  is ordered that the Orders of the Bankruptcy Court dated September 19, 2006, are affirmed.   These cases, 06cv1485 and 06cv1486, are closed forthwith.

BY THE COURT:

_____

Donetta W. Ambrose,
Chief U. S. District Judge